IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST David P. SMITH, attorney at law.

Supreme Court

*No. 80–1747–D. Filed May 11, 1981.*
(Also reported in 305 N.W.2d 416.)

---

PER CURIAM. *Attorney disciplinary proceeding; license suspended.*

On September 24, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that David P. Smith, admitted to practice in 1961, and who practices in DePere, was guilty of professional misconduct in the following respects: On February 18, 1980, the respondent pleaded no contest to three counts of wilfully failing to file both personal and partnership Wisconsin income tax returns for the years 1975, 1976 and 1977, for which he was fined $500 plus $50 costs and sentenced to 30 days in jail on each count, the jail time being subsequently suspended. In August of 1969 and March of 1970, the respondent was retained to probate two estates. In January of 1980, an order to show cause was issued by the circuit court requiring the respondent to appear, which he failed to do. He also failed to attend hearings subsequently scheduled by the court, and he was removed as attorney for the Schmidt estates in July of 1980. In May of 1968, the respondent was retained to probate the Hecker estate. In January

of 1979 a grievance was filed alleging that the estate had not been closed, and the respondent failed to respond to correspondence from the Board and failed to make timely or complete responses to subsequent inquiries from the Board. As of July 11, 1980, the respondent indicated that he had not completed the necessary work to file a supplemental final account and complete the probate of the estate.

The respondent filed an answer alleging that the tax returns were prepared and given to his wife for her signature and mailing, but that she failed to do so, a fact which the respondent did not learn until February of 1979, that there were certain assets in the Schmidt estates which could not be properly traced or evaluated until 1977 and that the personal representative, assuming that the estates were closed, destroyed his records, copies of some of which were not produced until March of 1980, that his failure to appear at scheduled court hearings were caused by his own personal illness and the illness and injuries of two of his minor children, that the delay in filing the supplemental final account in the Hecker estate was caused by the withdrawal of the estate checkbook by one of the co-executors of the estate and that any failure to make timely or complete responses to the Board's inquiries resulted from extended personal problems.

The court referred the matter to the Hon. James Martineau pursuant to SCR 21.09 (1980). On April 2, 1981, the referee filed his report, in which he concluded that the failure to file tax returns violated a standard of professional conduct as defined by the supreme court by rule, order or decision (SCR 21.05(5)); that his failure to promptly and judiciously conclude the probate of the Schmidt estates, necessitating his removal as attorney, constituted neglect of legal matters entrusted to him in violation of SCR 20.32(3); and that his failure to com-

plete the Hecker estate constituted neglect of legal matters entrusted to him in violation of SCR 20.32(3), and his failure to promptly respond to all of the Board's inquiries constituted misconduct in violation of SCR 21.03 (3) and 22.07(2).

The referee recommended that the respondent's license to practice law in Wisconsin be suspended for a period of 90 days, commencing June 1, 1981, provided that during the period of suspension the respondent be permitted to do the necessary legal work to complete the Hecker estate. The referee recommended that the period of suspension be terminated by court order, provided that the respondent first file an affidavit showing full compliance with the order of discipline, including confirmation that the Hecker estate has been closed. The referee also recommended that the respondent be required to pay, within 60 days, the sum of $1,705.14 for costs and fees incurred in the disciplinary action, failing which his license be suspended until the costs are paid. We hereby adopt the findings, conclusions and recommendations of the referee.

It is ordered that the license of David P. Smith to practice law in Wisconsin is suspended for a period of 90 days, commencing June 1, 1981.

It is further ordered that the respondent comply with SCR 22.26 concerning activities on suspension of an attorney's license, with the exception that the respondent is permitted to perform such legal work as is necessary to complete the Hecker estate.

It is further ordered that the respondent file with the Board of Attorneys Professional Responsibility prior to the expiration of the period of suspension an affidavit showing compliance with this order and confirmation that the Hecker estate has been closed.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $1,705.14 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order. In the event payment is not made within the time specified, the license of David P. Smith to practice law in Wisconsin shall be revoked forthwith.